The Honorable Howard C. Forman Senator, District 32 4000 Hollywood Boulevard, Suite 340-N Hollywood, Florida 33021-6744
Dear Senator Forman:
You ask substantially the following question:
Does the current statutory scheme for licensure of transitional living facilities permit the Agency for Health Care Administration to exercise regulatory authority to protect the best interests of brain or spinal cord injured patients?
In sum:
The Agency for Health Care Administration has the authority under present law to exercise regulatory authority over transitional living facilities to protect the best interests of brain or spinal cord injured patients.
Prior to 1993, provisions for transitional living facilities were contained in Part I, Chapter 400, Florida Statutes (1991), which regulated nursing homes.[1] Section 400.071(3), Florida Statutes (1991), required applicants for licensure to be of good moral character and without conviction of certain crimes which may affect residents in such facilities.
During a 1993 "sunset review" of Chapter 400, Florida Statutes, licensure of transitional living facilities was removed from Part I of the chapter to a new Part VIII entitled Intermediate, Special Services, and Transitional Living Facilities.[2]
In relocating the licensure requirements for transitional living facilities, the Legislature eliminated licensing requirements for medical staff and treatment that were not applicable to transitional living facilities programs but which were directed more to rehabilitation and adjustment to community living.[3]
While the removal of transitional living facilities from Part I, Chapter 400, Florida Statutes, accomplished this purpose, it also removed other regulatory requirements such as section 400.071(3), Florida Statutes, which required applicants for licensure to be of good moral character and without conviction of certain crimes.
Section 400.805(2), Florida Statutes, requires any person seeking to operate a transitional living facility to obtain a license from the Agency for Health Care Administration (Agency). Pursuant to section 413.49(6)(a), Florida Statutes, the Agency, in consultation with the Division of Vocational Rehabilitation of the Department of Labor and Employment Security, is required to develop rules for the licensure of transitional living facilities for persons who have brain or spinal cord injuries. Neither statute, however, sets forth in detail licensure conditions that must be met by a licensee.
This office has been advised by the Agency that following the aforementioned 1993 sunset review and the removal of attendant statutory provisions for screening licensees, the Agency unsuccessfully attempted to develop rules exercising broader regulatory authority, including criminal background checks and other screening provisions for licensees. According to this information, the Joint Administrative Procedures Committee objected to the proposed rules as exceeding the Agency's authority.
In recognition of the Joint Administrative Procedures Committee's objections, and in acknowledgment of the crucial need for regulation of these health care facilities, the Agency recommended that the Legislature amend the statutes regarding its authority. House Bill 1625, filed during the 1997 session, would have reaffirmed the Agency's regulatory authority, apparently in question since the 1993 sunset review of Chapter 400, Florida Statutes, and the reenactment of the transitional living facility licensure statutes.[4] The bill would have required, among other things, background screening and fingerprinting of applicants for licensure.[5] In addition, the bill would have denied a license to any applicant with a confirmed report of abuse, neglect or exploitation or who had been found guilty of, regardless of adjudication or entered a plea of nolo contendere or guilty to, any offense prohibited under the level 2 standards of Chapter 435, Florida Statutes.
As a result of the objection of the Joint Administrative Procedures Committee and the failure of the Legislature to take corrective action, the Agency has taken no further steps to assert its regulatory authority to prescribe qualifications for licensees of transitional living facilities. Therefore, the Agency has not examined the qualifications of those seeking to obtain a license for these facilities.
The existing statutes regulating transitional living facilities, however, plainly authorize the Agency to adopt rules relating to licensure. In addition, the Agency is expressly required to maintain rules relating to fiscal management of transitional living facilities. The Agency possesses broad authority to inquire into an applicant's background to ensure fiscal responsibility and to prevent the potential for fraud. Factors that impact an applicant's ability to fiscally manage the transitional living facility and foreclose the prospect of misuse of both public and private funds may include such things as the appli-cant's criminal background history, the existence of legal proceedings or outstanding judgments against the applicant, and satisfactory proof of financial ability to operate the facility.
Common sense dictates that the Legislature, in mandating that the Agency adopt rules regarding licensure, assumed that the Agency would have the authority to prescribe qualifications for an applicant to ensure that the public safety and welfare were protected. Thus, under the general authority set forth in section 413.49, Florida Statutes, to adopt rules relating to licensure, the Agency may more fully implement the Legislature's expressed intent to protect persons with brain or spinal cord injuries by requiring background checks and specified qualifications for potential licensees.
Accordingly, I am of the opinion that the Agency for Health Care Administration currently possesses the authority to adopt rules requiring background checks of applicants for licensure to operate a transitional living facility. In light of the action taken by the Joint Administrative Procedures Committee, however, it may be advisable for the Legislature to revisit this issue.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, s. 400.805(1)(c), Fla. Stat., defining "Transitional living facility" as "a site where specialized health care services are provided, including, but not limited to, rehabilitative services, community reentry training, aids for independent living, and counseling to spinal-cord-injured persons and head-injured persons." And see, s. 413.20(31), Fla. Stat., defining a "Transitional living facility" to mean a state-approved facility as defined and licensed pursuant to Ch. 400 and division-approved in accord with Part II, Ch. 413, Fla. Stat.
[2] Chapter 93-217, Laws of Florida.
[3] See, Staff Analysis and Economic Impact Statement of SB 2330, dated April 9, 1997, discussing the present situation with transitional living facilities. SB 2330 died during the 1997 Regular Session. And see, House of Representatives Committee on Health Care Standards Regulatory Reform Bill Analysis Economic Impact Statement, dated March 21, 1997.
[4] And see, SB 2330, a companion bill to HB 1625.
[5] Section 8, HB 1625.